**SHUI–XIAM YE, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–0963–AG.

United States Court of Appeals, Second Circuit.

May 9, 2006.

---

35

Gang Zhou, New York, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney, Southern District of Texas; Gerald Doyle, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. RICHARD J. CARDAMONE, and Hon. DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

Shui–Xiam Ye, through counsel, petitions for review of the BIA's February 2004 order affirming Immigration Judge ("IJ") Alan A. Vomacka's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

With regard to asylum and withholding of removal, substantial evidence supports the IJ's determination that Ye failed to show any protected basis for the harm she fears. Here, there is no evidence that the village loan collectors beat Ye for any reason other than that she intervened when they attempted to collect the outstanding loan from her father. The fact that the loan collectors did not harm Ye's mother even though she, too, had been present when Ye and her father were beaten, undermines Ye's indication that the loan collectors sought to persecute members of her father's family. Ye has also not offered evidence that the village loan collectors harmed any other relatives, or sought to harm them, since the July 2000 incident. Due to the lack of nexus between the harm Ye suffered and a protected ground, the IJ properly denied Ye's application for asylum and withholding of removal.

Substantial evidence also supports the IJ's finding that Ye did not establish eligibility for CAT relief. The IJ acknowledged that Ye had demonstrated the possibility that she might be held in custody by money lenders or possibly even government officials, but reasonably found that she had established "much less than a probability that it would occur." The IJ accurately observed that Ye's father, who is directly responsible for the loan, continued to live in China for more than two years since his leg was broken, and had never seen, spoken to, nor heard from the

money lenders. The IJ reasonably found those circumstances to indicate that Ye's chance of being held in custody and tortured "would be slim." *Cf. In re A–M–,* 23 I. & N. Dec. 737, 740–41 (BIA 2005) (highlighting that a claim to fear of future persecution was diminished when family members remained behind and did not experience persecution). Additionally, Ye failed to establish that she could not live elsewhere in China. While Ye explained that she would be unable to support herself if she lived elsewhere in China, the IJ appropriately noted that this explanation in itself did not serve as a basis for her to come to the United States to escape persecution or torture.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).